TRINA A. HIGGINS, United States Attorney (7349)
MELINA SHIRALDI, Assistant United States Attorney (13110)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 524-5682
melina.shiraldi@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| STATE OF UTAH,<br><br>    Plaintiff,<br><br>v.<br><br>SARAH SPROUSE,<br><br>    Defendant. | **NOTICE OF REMOVAL**<br><br>Case No.<br>State Court Case No. 231300025 MO<br><br>Judge    Case: 4:23−po−00203<br>       Assigned To : Kohler, Paul<br>       Assign. Date : 11/8/2023<br>       Description: USA v. Sprouse |
|---|---|

## INTRODUCTION

Defendant Sarah Sprouse through undersigned counsel, hereby submits this notice of removal of the above-captioned criminal action from the Wayne County Justice Court, Wayne County, State of Utah, to the United States District Court for the District of Utah, pursuant to 28 U.S.C. §§ 1442(a) and 1455.

## FACTUAL BACKGROUND

Since April 2018, Sarah "Sally" Sprouse is the Chief Ranger of Capitol Reef National Park (hereinafter "Chief Sprouse"). Chief Sprouse is a full-time, permanent employee of the National Park Service, U.S. Department of Interior, at Capitol Reef National Park. The National Park Service is a bureau within the U.S. Department of Interior.

Search and rescue operations are routinely handled by National Park Service or jointly by the National Park Service and Wayne County. On June 30, 2021, the cooperative search and rescue agreement between Capitol Reef National Park and Wayne County had expired. The agreement states "*In those incidents where both agencies have personnel at the scene of an incident, the agency with primary jurisdiction will assume command. The National Park Service will assume command on all National Park Service land and Wayne County Emergency Services will assume command on all non National Park Service land.*"

On June 30, 2021, an afterhours call was made for search and rescue assistance within Capitol Reef National Park. National Park Service and local officials from Wayne County responded to a report of an individual who had fallen on the first rappel on Cassidy Arch Canyon within the boundaries of the national park. Chief Sprouse, acting in her official capacity, responded to the call. Upon her arrival at park headquarters, Chief Sprouse attempted to set up an incident command structure and take the lead in the search and rescue response. A Wayne County deputy sheriff appeared to be in command of the incident. Chief Sprouse attempted to coordinate with the deputy sheriff to set up an incident command structure. Her attempt failed and the deputy sheriff walked away from her. In another attempt to set up command and gain information of the emergency rescue operation, Chief Sprouse placed her hand on the deputy sheriff's shoulder to get his attention.

## PROCEDURAL HISTORY

On June 29, 2023, nearly two years after the search and rescue incident, the State of Utah filed an information against Chief Sprouse, in the Wayne County Justice Court, Case No. 231300025. The State asserts that on June 30, 2021, Chief Sprouse committed an assault on a

deputy county sheriff, a class B misdemeanor, in violation of UTAH CODE ANN. §§ 76-5-102(2), (3A), during a search and rescue at Capitol Reef National Park. A copy of the Information[1] is attached as Exhibit A. A copy of the state court docket is attached as Exhibit B.

The state court docket reflects that on October 10, 2023, an Arraignment was held.[2] A copy of the Arraignment is attached as Exhibit C.

On November 6, 2023, a Pretrial Conference was held. Counsel for Chief Sprouse appeared and asked for a continuance. A new pretrial conference was set for January 8, 2024.

## LEGAL FRAMEWORK

Pursuant to 28 U.S.C. § 1442(a), a criminal prosecution commenced against an officer of the United States in a state court "for or relating to any act under color of [federal] office" may be removed to the district court for the district and division embracing the place where the state court action is pending. The removal of a criminal prosecution must be filed no later than 30 days after the arraignment in state court. 28 U.S.C. § 1455(b)(1).

The filing of a Notice of Removal does not stay or prevent further state court proceedings. *Id*. at (b)(3). However, the state court may not enter a judgment of conviction unless the United States district court remands the prosecution. *Id*. Upon the filing of this Notice of Removal, "the United States district court . . . shall examine the notice promptly," and may order summary remand only "[i]f it clearly appears . . . that removal should not be permitted[.]"

---

[1] Pursuant to FED. R. CRIM. P. 49.1, the home address of Chief Sprouse has been redacted.

[2] Due to an agreement between counsel to continue the Arraignment, Chief Sprouse nor her counsel appeared at the Arraignment. The Arraignment was held without Chief Sprouse, no plea was entered, and no arrest warrant was issued. Chief Sprouse still has not appeared nor entered a plea. Counsel for the State of Utah insists that the Arraignment on the docket is a clerical error.

3

*Id.* at (b)(4). If this Court does not order summary remand, it shall set an evidentiary hearing to determine whether it has jurisdiction. *Id.* at (b)(5). The evidentiary hearing is to be held promptly. *Id.*[3] If the Court determines that removal shall be permitted, it shall notify the state court that it shall not proceed further. *Id.*

### GROUNDS FOR REMOVAL

Pursuant to 28 U.S.C. §§ 1442(a) and 1455(a), this Notice of Removal is being filed in the United States District Court for the District of Utah, Southern Region, which is the federal district court encompassing the court where the state court action was filed. This Notice of Removal is timely as it is filed no later than 30 days after the Arraignment. By removing this case to federal court, Chief Sprouse does not waive any available defense, nor does she admit any allegations in the Information.

Grounds for removal to federal court exist in this case. "The officer need not win his case before he can have it removed." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969). To qualify for removal, a defendant need only show (1) that the conduct concerns actions undertaken as a federal officer, (2) that the act is under color of office, and (3) that the defendant has raised "a colorable federal defense." *Wyoming v. Livingston*, 443 F.3d 1211, 1225 (10th Cir. 2006) (citing *Mesa v. Cal.*, 489 U.S. 121, 130 (1989)).

The first two elements of removal are met because Chief Sprouse was a federal employee acting under color of office when she responded the search and rescue call and engaged with the deputy sheriff. Participating in search and rescue efforts within the national park is the type of

---

[3] Chief Sprouse is out of the country until November 28, 2023. The United States respectfully requests that if the Court sets an evidentiary hearing that it be set after November 28, 2023.

conduct Chief Sprouse is employed to perform. Protecting visitors within the national parks is one of the core functions of park rangers. That function includes coordinating with local jurisdictions to establish chains of command and delineate lines of effort. Here, Chief Sprouse arrived on-scene after National Park Service received a call for emergency assistance. Chief Sprouse has been trained to perform search and rescue operations and has done so throughout her career. She arrived in uniform and assumed her role as Chief Ranger on behalf of the National Park Service.

  Chief Sprouse also has a colorable federal defense under the Supremacy Clause. Supremacy Clause immunity limits when states can prosecute federal employees "for alleged violations of state law committed in the course of their federal duties." *Livingston*, 443 F.3d at 1213. Under the Supremacy Clause, federal officers are "immune from state prosecutions for actions reasonable and necessary in the discharge of their federal responsibilities." *Id.* at 1217. Where a federal officer alleges Supremacy Clause immunity as a defense, removal is appropriate. *Id.* at 1224. Chief Sprouse's acts were motivated by the purpose of serving the National Park Service. Her encounter with the deputy sheriff arose directly from her attempt to coordinate efforts with the local law enforcement agency, consistent with the expired cooperative agreement and local practice. Any interactions with the deputy sheriff were the result of Chief Sprouse's motivation to ensure the parties were working together and able to make a joint decision about roles and responsibilities. In the course of responding to the search and rescue, which she is authorized to do, Chief Sprouse had an "objectively reasonable" and "well-founded basis" to believe that her actions were necessary to carry out her duties. *See Livingston*, 443 F.3d at 1222. Courts must "evaluate the circumstances as they appear to [the] federal officer . . . at the

time of the act in question, rather than the more subtle and detailed facts later presented to a court." *Id.* at 1229. Chief Sprouse's physical contact with the deputy sheriff was an attempt to get his attention, in order to coordinate and ensure the deputy sheriff was not undermining National Park Service's efforts and that officers could respond swiftly and effectively to the emergency situation. The deputy sheriff's disengagement threatened the overall search and rescue effort, with potentially dire consequences for the rappeler and rescuers.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the United States submits that removal is appropriate under 28 U.S.C. §§ 1442(a) and 1455. The United States respectfully requests that this case be removed to the United States District Court for the District of Utah, Southern Region.

Dated this 8th day of November, 2023.

TRINA A. HIGGINS
United States Attorney

*/s/ Melina Shiraldi*
MELINA SHIRALDI
Assistant United States Attorney

## CERTIFICATE OF SERVICE

The undersigned employee of the United States Attorney's Office hereby certifies that on November 8, 2023, the **Notice of Removal** was served by electronic mail and a copy was mailed to the following individual:

Michael Winn
Wayne County Attorney
18 S. Main St.
Loa, UT 84747
michael@wayne.utah.gov

                                        */s/ Melina Shiraldi*
                                        MELINA SHIRALDI
                                        Assistant United States Attorney